**CHANG RUI CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3362.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 13, 2007.

Filed: Dec. 19, 2007.

Gang Zhou, New York, NY, for Petitioner.

Susan J. Steele, Christopher J. Christie, Office of United States Attorney, Newark, NJ, Richard M. Evans, Joan E. Smiley, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER and AMBRO, Circuit Judges POLLAK,* District Judge.

## OPINION

AMBRO, Circuit Judge.

Chang Rui Chen [1] petitions for review of the Board of Immigration Appeals' decision that, without opinion, affirmed the Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture.[2] Chen, who claims that he would be persecuted and/or tortured in China on account of China's coercive population control program, argues that the IJ erred in finding him not to be credible, and further argues that he has proven past persecution in the form of his wife's forced sterilization.

The IJ's adverse credibility finding and denial of relief, however, are supported by substantial evidence. In particular, numerous material inconsistencies exist as to the adverse credibility finding. For instance, Chen testified that the Chinese government did not discover that he had a second child until his wife's parents' house caught fire in 2001, but in fact the record shows that the government had already learned Chen had a second child in May 2000. Moreover, Chen was inconsistent as to when his wife was sterilized. These inconsistencies, combined with other problems with Chen's evidence of past and future persecution, suffice to support the IJ's decision.

Accordingly, we deny the petition for review.

---

* Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Although the administrative record refers to the petitioner as Chuanrui Chen and Chuan Rui Chen, the petition for review refers to him as Chang Rui Chen, and his current counsel assures us that "Chang Rui Chen" is correct.

2. We review the IJ's decision because, having been adopted without opinion by the BIA, it has become the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4). We review the IJ's factual findings under a "substantial evidence" standard (that is, whether substantial evidence supports the finding). *Cao v. Attorney Gen. of the U.S.*, 407 F.3d 146, 152 (3d Cir.2005) ("The credibility determination, like all IJ factual findings, is subject to substantial evidence review.")